588 A.2d 822

NOBLE OIL COMPANY, INC., A/K/A N.O.C., INC., PETITIONER–
APPELLANT, v. DEPARTMENT OF ENVIRONMENTAL
PROTECTION, RESPONDENT–RESPONDENT.

Argued February 11, 1991—Decided April 24, 1991.

*Stacy L. Moore, Jr.,* argued the cause for appellant (*Parker, McCay & Criscuolo,* attorneys).

*John A. Covino,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General of New

Jersey, attorney; *Lawrence E. Stanley*, Deputy Attorney General, of counsel).

PER CURIAM.

Noble Oil Company (Noble) has appealed as of right under *Rule* 2:2–1(a)(2) from a final judgment of the Appellate Division. That judgment affirmed a decision of the Department of Environmental Protection (DEP), which, after a remand from the Appellate Division, imposed a six-month suspension of Noble's license to operate a hazardous-waste facility in Tabernacle Township.

We find that the administrative record is inadequate for review and requires remand to the agency to articulate its findings and reasoning with respect to the appropriateness of the sanction imposed. Consequently, we remand the matter to the agency with direction to supplement the record to the extent necessary to enable a reviewing court to review the sanction in light of the previous remand of the Appellate Division.

The opinions of the Appellate Division are unreported. We summarize the factual background. For many years, Noble has been engaged in the business of waste-oil collection and treatment, primarily from various automobile service agencies throughout South Jersey. The 1979 Solid Waste Management Act requires such facilities to be licensed. *N.J.S.A.* 13:1E–4. As a preexisting facility, Noble possessed "existing facility status" to continue processing the waste pending application for the necessary license. In making its 1981 application to the DEP, Noble failed to state that one of the activities in which it was engaged was "thermal treatment" of waste oil. When the DEP learned of that omission in 1984, it commenced an enforcement proceeding to revoke Noble's license.

Following a hearing before an Administrative Law Judge, the DEP entered a revocation order. That order was appealed to the Appellate Division, which concluded that although the omis-

sion of the material had been found to be at least "reckless," in light of all of the circumstances the penalty of revocation was an excessive sanction. It remanded the matter to the DEP to impose a sanction not in excess of six months.

In July 1988, without conducting any further proceedings or taking further evidence, the DEP entered a six-month suspension. Noble again appealed, contending that it had been denied its right to a trial-type hearing to present evidence in mitigation of the six-month suspension. It hinges that contention primarily on the basis that, in light of the special circumstances of its case, a six-month suspension is tantamount to a revocation. Two members of the Appellate Division panel disagreed, holding that no further process was due. One member dissented, being of the view that the original notice of agency action proposed only a revocation of the license and thus did not fairly apprise the respondent that it should present evidence in mitigation. He would have remanded the matter to the agency, not for an adversarial or trial-type hearing but to allow Noble to supplement its previous submissions with briefs and any other written material prior to the agency's action.

We need not resolve the disagreement of the Appellate Division panel below regarding the due process and fundamental fairness issue. Before us, the attorney for the DEP candidly admitted that the record did not disclose whether in imposing the six-month sanction, the DEP had considered whether that would be tantamount to a revocation.

Unquestionably, the DEP was entitled to broad discretion in choosing the appropriate sanction. *See In re Polk License Revocation*, 90 *N.J.* 550, 578, 449 *A.*2d 7 (1982) (court has no power to act independently as administrative tribunal or to substitute its judgment for that of agency). That discretion, however, was not unbounded and must be exercised in a manner that will facilitate judicial review. Administrative agencies must "articulate the standards and principles that govern their discretionary decisions in as much detail as possible." *Van Holten Group v. Elizabethtown Water Co.*, 121 *N.J.* 48, 67, 577

A.2d 829 (1990); *see Crema v. New Jersey Dep't of Envtl. Protection,* 94 *N.J.* 286, 301, 463 *A.*2d 910 (1983); *Environmental Defense Fund, Inc. v. Ruckelshaus,* 439 *F.*2d 584, 598 (D.C.Cir.1971); *see also Riverside Gen. Hosp. v. New Jersey Hosp. Rate Setting Comm'n,* 98 *N.J.* 458, 468, 487 *A.*2d 714 (1985) ("the grounds for the agency's determination must be both adequately supported by the record and fully explained"). When the absence of particular findings hinders or detracts from effective appellate review, the court may remand the matter to the agency for a clearer statement of findings and later reconsideration. *Application of Howard Sav. Inst. of Newark,* 32 *N.J.* 29, 53, 159 *A.*2d 113 (1960); *see also In re Plainfield–Union Water Co.,* 11 *N.J.* 382, 396, 94 *A.*2d 673 (1953) (statement of reasons in support of administrative action is essential for judicial review).

We remand for such action here. No further notice is required. Noble surely knows what administrative action is contemplated. Noble may submit written comments to the DEP and such other proof as it deems relevant to the sanction. The agency need not conduct a trial-type hearing at which the evidence may be presented. The agency has already had a "contested case" hearing under *N.J.S.A.* 52:14B–2(b). Its remand decision, however, should reflect consideration of any new evidence or submissions in light of the 1987 Appellate Division remand. Of course, if the agency is to rely on new evidence not submitted by Noble, it must tailor its procedures to that circumstance. *See High Horizons Dev. Co. v. Department of Transp.,* 120 *N.J.* 40, 54, 575 *A.*2d 1360 (1990).

The judgment of the Appellate Division is reversed and the matter is remanded to the agency for further proceedings in accordance with this opinion.

*For reversal and remandment* —Chief Justice WILENTZ and Justices CLIFFORD, POLLOCK, O'HERN, GARIBALDI and STEIN—6.

*Opposed* —None.