590 A.2d 697

HOFFMAN ENTERPRISES, INC., APPELLANT, v. BUREAU OF HOMEOWNER PROTECTION, NEW HOME WARRANTY PROGRAM, DEPARTMENT OF COMMUNITY AFFAIRS, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 27, 1991—Decided May 15, 1991.

Before Judges KING, LONG and STERN.

*Butler, Butler, Rosenberger & Farrell,* attorneys for appellant (*George G. Rosenberger, Jr.,* on the brief).

*Robert J. Del Tufo,* Atty. Gen., attorney for respondent (*Mary C. Jacobson,* Deputy Attorney General, of counsel; *Mark I. Siman,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

LONG, J.A.D.

Appellant Hoffman Enterprises, Inc. here challenges the revocation of its certificate of registration under the New Home Warranty and Builders' Registration Act (the Act), *N.J.S.A.* 46:3B-1 to -12, by respondent Bureau of Homeowner Protection, New Home Warranty Program, Department of Community Affairs.

Hoffman was a registered builder under the Act which governs the administration of warranty programs applicable to all new residential construction in this State. The warranty pro-

gram provides coverage against defective materials, workmanship, and systems in new home construction. Pursuant to duly authorized regulations, the program prescribes a claims resolution process, *N.J.A.C.* 5:25–5.5, through which a homeowner may obtain repair of warrantable defects.

Pursuant to *N.J.A.C.* 5:25–2.5(a), a certificate of registration may be denied, suspended or revoked if the registrant:

1. Willfully made a misstatement of material fact in his application for registration or renewal;

2. Willfully committed fraud in the practice of his occupation;

3. Practiced his occupation in a grossly negligent manner;

4. Willfully violated the New Jersey State Uniform Construction Code to any substantial degree;

5. Failed to continue his participation in either the State Plan or a private plan;

6. Failed to enroll or warrant any new home with a private plan, which new home was sold during the time he was participating in such private plan;

7. Fails to correct or settle any claim arising out of any defect after his responsibility has been established through the dispute settlement procedure of the State Plan or of a private plan as the case may be, unless such determination is appealed;

8. Failed to file an amended application for or to a certificate of registration within 30 days of any material change in the information provided in the most recent application or amendment thereto;

9. Has as an officer, partner, director or stockholder, any person who was serving as an officer, partner, director or stockholder for a builder whose certificate of registration has been suspended or revoked for cause pursuant to this subchapter at the time the incidents or practices leading to revocation occurred;

10. Has incurred or been responsible for incurring an award against the New Home Warranty Security Fund;

11. Violated any provision of the New Home Warranty and Builders' Registration Act (P.L.1977, c. 467) or this chapter;

12. Fails to participate in the dispute settlement process;

13. Has violated any order issued by the Commissioner and which has been adjudicated in accordance with the Administrative Procedures Act.

The Bureau charged Hoffman under sections 7, 10 and 11 and ordered the revocation of his certificate of registration as follows:

[Y]ou have constructed a home at Kings Rd., RD# 1, Box 11161C, Mt. Holly, NJ 08060, on which title was transferred to Thomas & Reena DiOrio after which claim number CL–88–0440 was filed for the correction of specified defects and was submitted to formal dispute settlement where you chose to

have an Arbitration Award rendered [with] which you have failed and continue to fail to comply and for which the State of New Jersey will be subject to financial liability for the correction of such defects and all to the detriment of the health, welfare, and safety of the intended occupants and the general public.

[Y]ou have constructed a home at 532-B Williamstown Rd., Franklinville, NJ 08322, on which title was transferred to Jeffrey Krieger after which claim number CL-85-0774 was filed for the correction of specified defects and was submitted to formal dispute settlement where you chose to have an Arbitration Award rendered [with] which you have failed and continue to fail to comply and for which the State of New Jersey will be subject to financial liability for the correction of such defects and all to the detriment of the health, welfare, and safety of the intended occupants and the general public.

Hoffman requested a hearing which was held before an Administrative Law Judge (ALJ). She found that Hoffman, in fact, failed to correct or settle the claims in issue and was responsible for incurring awards against the New Home Warranty Security Fund (Fund) in the amount of $1600 in the Krieger case and over $60,000 in the DiOrio matter. She recommended revocation of Hoffman's certificate of registration. The Commissioner of the Department of Community Affairs adopted the decision of the ALJ and revoked Hoffman's certificate of registration. Hoffman appeals. We affirm in part and reverse and remand in part.

█ We are satisfied from our thorough review of this record that, apart from the penalty recommended, this decision is supported by substantial credible evidence in the record as a whole. *R.* 2:11–3(e)(1)(D). Clearly, Hoffman failed to correct or settle the claims filed by the DiOrios and Krieger after his responsibility was established. It is equally clear that the Fund was required to award money to the aggrieved parties. Hoffman's conduct therefore violated *N.J.A.C.* 5:25–2.5(a)(7) and (10), and subjected Hoffman to a penalty.

█ However, we are at a loss as to how the penalty of revocation was chosen. The rule, which authorizes denial, suspension or revocation, obviously contemplates the imposition of different penalties in different cases but does not set forth a rationale for choosing among penalties. The various options

presume some proportionality. We are unable to tell from this record, as a result of the complete silence of the ALJ and the Department on the subject, how or why the penalty was reached in this case. Such a state of affairs makes meaningful appellate review impossible.

■ The Department has an obligation to provide factual findings and a reasoned explanation of the basis for the sanction it has imposed. *See Noble Oil Co., Inc. v. Department of Environmental Protection*, 123 *N.J.* 474, 588 *A.*2d 822, 824 (1991). As the Supreme Court stated in *In re Application of Howard Sav. Inst. of Newark*, 32 *N.J.* 29, 52, 159 *A.*2d 113 (1960) (emphasis in original):

[A]n administrative agency acting *quasi*-judicially must set forth basic findings of fact, supported by the evidence and supporting the ultimate conclusions and final determination, for the salutary purpose of informing the interested parties and any reviewing tribunal of the basis on which the final decision was reached so that it may be readily determined whether the result is sufficiently and soundly grounded or derives from arbitrary, capricious or extra-legal considerations.

In disciplinary proceedings, this requirement applies not only to the determination of a violation but also to the sanction involved. *See State, Dep't of Health v. Tegnazian*, 194 *N.J.Super.* 435, 477 *A.*2d 363 (App.Div.1984).

■ We thus remand the case to the Commissioner for further proceedings regarding the sanctions to be imposed. In so doing, we remind the Department that where a builder has violated the Act or its implementing regulations, a revocation should not be automatically imposed for every violation. Rather, the Department has an obligation to consider the nature of the violation and the past practices of the builder in deciding whether revocation or some lesser sanction should be imposed.

■ We also note that if the size of the award to the DiOrios is a factor relied upon by the Department in determining the penalty here, Hoffman should have the opportunity (denied him below) to challenge the propriety of the $60,000 payment. This amount is facially questionable in light of the Bureau's ex-

pressed intention to require the DiOrios to allow Hoffman to make an $8000 repair on their home in satisfaction of his warranty obligation.

We note, as well, that *N.J.A.C.* 5:25–2.8 provides:

(a) No certificate of registration which has been suspended or revoked shall be restored to any person previously registered as a builder unless the Director finds that the reason for the suspension or revocation no longer applies and is unlikely to recur and that such builder has fully compensated or, as a condition of such restoration, will fully compensate, the State Plan or any private plan or any other person for any loss incurred as a result of such builder's failure to comply with the Act.

(b) No certificate of registration which has been suspended, revoked or allowed to lapse shall be restored unless and until all fees, premiums, surcharges and penalties have been paid in full.

(c) In any case in which payment has been made by the State Plan or any private plan as a result of failure by a builder to comply with the Act, full compensation, within the meaning of (a) above, shall include, without limitation, interest in the maximum amount allowed by law on any payments made by the State Plan or private plan. For purposes of determining the legal interest rate, such payments shall be deemed to be unsecured loans made by the plan pursuant to a written agreement.

By this provision, Hoffman cannot obtain the restoration of his certificate of registration (all other requirements having been met) unless he fully compensates the State Plan for any award paid on his behalf. This is an independent reason entitling Hoffman to challenge the DiOrio award. This is not to suggest that every registrant may challenge the propriety of an award in every case. Rather, we hold that where, as here, there is an enormous discrepancy between the cost the registrant was required to incur to repair the premises and what was ultimately paid by the Fund, the registrant may not be made to repay the Fund as a condition of restoration of his registration without a hearing if he challenges the award as arbitrary, unreasonable and capricious.

Reversed and remanded. We do not retain jurisdiction.