621 A.2d 549

LOCAL 518, NEW JERSEY STATE MOTOR VEHICLE EMPLOYEES UNION, S.E.I.U., AFL–CIO, PLAINTIFF–APPELLANT, v. DIVISION OF MOTOR VEHICLES AND DEPARTMENT OF PERSONNEL, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 23, 1993—Decided March 16, 1993.

Before Judges BAIME and WALLACE.

*Sanford R. Oxfeld* argued the cause for appellant (*Balk, Oxfeld, Mandell & Cohen,* attorneys; *Mr. Oxfeld,* of counsel; *Randi Doner,* on the brief).

*Philip H. Hopkins, Jr.,* Deputy Attorney General argued the cause for respondents (*Robert J. Del Tufo,* Attorney General, attorney; *Alexander P. Waugh,* Assistant Attorney General, of counsel; *Mr. Hopkins,* on the brief).

The opinion of the court was delivered by

BAIME, J.A.D.

The Civil Service Act (*N.J.S.A.* 11A:1–1 through :12–6) and its implementing regulations (*N.J.A.C.* 4A:4–1.1 through –7.12) provide generally that an appointing authority must select one of the three highest scoring eligible candidates from an open competitive or promotional examination. This provision is commonly known as the "rule of three" and is intended to guaranty the appointing authority an opportunity to exercise limited discretion in the selection and promotion of public employees. Although the appointing authority is not required to appoint or promote the highest scoring candidate, it must provide the Department of Personnel (DOP) with a statement of reasons

why a higher ranked eligible was not selected. At issue here is whether an unsuccessful candidate is entitled to be apprised of the reasons why a lower ranking eligible was promoted.

The facts are not in dispute. Plaintiff is a labor union representing inspectors, examiners and safety specialists employed by the Division of Motor Vehicles (DMV). A member of the union, employed by the DMV, was eligible for promotion to a supervisory position. He was ranked thirty-sixth on the promotional certification issued by the DOP on May 29, 1990. The promotional certification involved thirty-six available positions and over one hundred interested eligibles. On August 10, 1990, the employee was notified by the DMV that another candidate had been selected, this despite the fact that he was the highest ranking eligible interested in that position. In response to the employee's request for an explanation, the DMV noted that the individual who had been promoted was one of the three highest ranking eligibles on the promotional examination. The DMV subsequently declined plaintiff's request for a further explanation of the reasons for not selecting the named employee. No administrative appeal of the promotional certification was filed by the employee or plaintiff.

Instead, plaintiff instituted an action in the Law Division, seeking a declaratory judgment that all employees were entitled to a statement of reasons when not selected for promotion under the "rule of three." While conceding that the Civil Service Act and the applicable regulations did not require the disclosure of this information, plaintiff invited the court to exercise its sweeping constitutional authority to review administrative actions and compel the DMV and the DOP to apprise unsuccessful candidates of the reasons why they were not promoted. The Law Division declined and granted defendant's motion for summary judgment. This appeal followed.

At the outset, we question whether the Law Division had jurisdiction to decide the dispute. Ordinarily, review of both the quasi-judicial and regulatory actions of state adminis-

trative agencies must be sought in the Appellate Division. *R.* 2:2–3(a)(2); *see also Pascucci v. Vagott,* 71 *N.J.* 40, 52–53, 362 *A.*2d 566 (1976); *D'Arrigo v. State Bd. of Mediation,* 228 *N.J.Super.* 189, 198, 549 *A.*2d 451 (App.Div.1988), *rev'd on other grounds,* 119 *N.J.* 74, 574 *A.*2d 44 (1990); *Jersey City v. Dept. of Envir. Protection,* 227 *N.J.Super.* 5, 14, 545 *A.*2d 774 (App.Div.), *certif. denied,* 111 *N.J.* 640, 546 *A.*2d 551 (1988). The Appellate Division's jurisdiction may not be circumvented by instituting a declaratory judgment action where the essence of the relief sought is the review of quasi-judicial, ministerial or discretionary agency action. *See Ivy Hill Park v. Property Liability,* 221 *N.J.Super.* 131, 141, 534 *A.*2d 35 (App.Div.1987), *certif. denied,* 110 *N.J.* 188, 540 *A.*2d 183 (1988); *Degnan v. Nordmark & Hood Presentations, Inc.,* 177 *N.J.Super.* 186, 191, 425 *A.*2d 1091 (App.Div.), *appeal dismissed,* 87 *N.J.* 427, 434 *A.*2d 1098 (1981); Pressler, *Current N.J. Court Rules,* Comment 3 to *R.* 2:2–3 (1993). We also harbor reservations concerning whether plaintiff exhausted its administrative remedies. *See Garrow v. Elizabeth General Hospital and Dispensary,* 79 *N.J.* 549, 559, 401 *A.*2d 533 (1979); *In the Matter of Stoeco Development, Ltd.,* 262 *N.J.Super.* 326, 335, 621 *A.*2d 29, 33 (App.Div.1993); *R.* 2:2–3(a)(2). This deeply embedded judicial principle ensures that a body possessing special expertise in the area will hear the claim in the first instance. *City of Atlantic City v. Laezza,* 80 *N.J.* 255, 265, 403 *A.*2d 465 (1979); K. Davis, 4 *Administrative Law Treatise,* § 26:1 (1983). We put these procedural problems aside, however, because defendants have not filed a cross-appeal or otherwise objected to our consideration of the question presented. All parties agree that the case is ripe for resolution. We thus consider the issues on the merits.

■ We find no basis to compel an appointing authority, as a matter of course, to apprise an unsuccessful candidate of its reasons for promoting a lower ranking eligible individual. Although full disclosure might well be the preferable policy, we discern no jurisprudential principle which permits us to inter-

vene and impose whatever views we might privately harbor as to what the rule should be.

In reaching this conclusion, we find the legislative and administrative history enlightening. The "rule of three" has long been the law in New Jersey. *See L.* 1930, *c.* 176, § 24, at 620. As we mentioned earlier, the rule permits an appointing authority to select one of the three highest scoring candidates from an open competitive examination. Prior to its repeal and the simultaneous enactment of the present civil service laws, *N.J.S.A.* 11:10–6.1 required an appointing authority to maintain in its personnel record a statement of reasons whenever it appointed or promoted an individual having a lower score than another eligible candidate. *L.* 1974, *c.* 160, § 3 at 652–54. The statute also permitted any person denied an appointment to submit facts for review by the Civil Service Commission. *Ibid.* An implementing regulation required the appointing authority to file with the Department of Civil Service a "statement of [its] reasons for non-selection of the higher ranking eligibles," and to "notify all interested eligibles of the certification results." *N.J.A.C.* 4:1–12.18. (repealed by *R.* 1988 d. 259 (1988)). *N.J.S.A.* 11:10–6.1 was not re-enacted when the Legislature adopted the Civil Service Act in 1986. In a somewhat similar vein, portions of the older regulation were not repromulgated. Although the current regulation retains the mandate that the appointing authority advise the DOP of its reasons for not selecting a higher ranking eligible, it does not require that other eligibles be notified of the certification results. *N.J.A.C.* 4A:4–4.8(b). That this omission is not merely an oversight is apparent when *N.J.A.C.* 4A:4–4.8 is compared with *N.J.A.C.* 4A:4–4.7(b)1 which expressly requires an appointing authority to provide an eligible whose name has been removed from the list "with copies of all materials sent to the [DOP]."

Although the history we have recounted is hardly dispositive, it discloses a general legislative design to confer substantial discretion on the DOP in administering the civil service laws and "implement[ing] a comprehensive personnel management

system." *N.J.S.A.* 11A:2–6(d). Plaintiff concedes as much in its brief. However, it contends that the judiciary bears an overarching responsibility to review administrative actions and that unsuccessful candidates for promotion are entitled to a statement of reasons as a matter of elemental fairness.

In support of its position, plaintiff places principal reliance on *Donaldson v. Bd. of Ed. of No. Wildwood,* 65 *N.J.* 236, 320 *A.*2d 857 (1974) and *Monks v. N.J. State Parole Board,* 58 *N.J.* 238, 277 *A.*2d 193 (1971). In *Donaldson,* our Supreme Court held that a non-tenured teacher was entitled to a statement of reasons for her non-retention by the board of education. 65 *N.J.* at 245, 320 *A.*2d 857. In reaching this conclusion, the Court noted that the Legislature "ha[d] not at any time said . . . no reasons need be given when a nontenured teacher is not rehired" and that "no pertinent legislation ha[d] been enacted" in that respect. *Id.* at 240, 320 *A.*2d 857. In *Monks,* the Court concluded that a prisoner was entitled to a statement of reasons for denial of his parole application. 58 *N.J.* at 249–50, 277 *A.*2d 193. The Court emphasized that the Legislature had remained silent on the subject and that "fairness and rightness clearly dictate[d] the granting of the prisoner's request for a statement of reasons." *Id.* at 249, 277 *A.*2d 193.

In a variety of legal contexts and factual settings, the Court has applied the policies enunciated in *Donaldson* and *Monks* and has held that administrative agencies must "articulate the standards and principles . . . govern[ing] their discretionary decisions in as much detail as possible." *Noble Oil Co. v. DEP,* 123 *N.J.* 474, 476, 588 *A.*2d 822 (1991); *Van Holten Group v. Elizabethtown Water Co.,* 121 *N.J.* 48, 67, 577 *A.*2d 829 (1990); *Matter of Issuance of a Permit,* 120 *N.J.* 164, 172–73, 576 *A.*2d 784 (1990); *Commons v. Westwood Zoning Board of Adjustment,* 81 *N.J.* 597, 610, 410 *A.*2d 1138 (1980); *cf. State v. Vasquez,* 129 *N.J.* 189, 196, 609 *A.*2d 29 (1992); *State v. Lagares,* 127 *N.J.* 20, 32–33, 601 *A.*2d 698 (1992). In dealing with administrative agencies, the Court has long pointed to the

need for "suitable expression of the controlling findings or reasons." *Monks v. N.J. State Parole Board*, 58 *N.J.* at 244, 277 *A.*2d 193. Furnishing reasons for administrative actions serves the salutary purposes of diminishing the potential for *ad hoc* or arbitrary determinations, *see State v. Lagares*, 127 *N.J.* at 29, 601 *A.*2d 698, enhancing the opportunity for effective administrative and judicial review of agency decisions, *see Noble Oil Co. v. DEP*, 123 *N.J.* at 476, 588 *A.*2d 822, and disclosing correctable deficiencies to aid in guiding future conduct, *Donaldson v. Bd. of Ed. of No. Wildwood*, 65 *N.J.* at 245, 320 *A.*2d 857.

The question before us is whether these policy objectives would be appreciably advanced by requiring an appointing authority to apprise an unsuccessful candidate of the reasons for promoting a lower scoring eligible employee. The issue must be considered in the context of *N.J.A.C.* 4A:4–4.8(b), which, as we noted earlier, requires the appointing authority to advise the DOP of its reasons for not selecting a higher ranking eligible candidate. This regulation guards against favoritism and arbitrary actions by an appointing authority and facilitates administrative review by the DOP.

While conceding that a statement of reasons might disclose correctable deficiencies, the DOP asserts that countervailing policies militate against disclosure. *Donaldson* involved the termination of a teacher's employment by non-renewal of a contract and *Monks* pertained to the denial of a prisoner's application for parole. Each situation involved a one-on-one decision. By contrast, promotional decisions often involve a balancing of the interests of several employees, their supervisors and management policy. Management decisions on promotions in the context of the "rule of three" require the comparison of individual abilities, talents and other personality factors. The DOP asserts that because an unsuccessful candidate will often be under the supervision of the individual selected for promotion, disclosure of the reasons for management's personnel decisions might well generate antagonism and

be counterproductive. It is also argued that the administrative burden would be considerable and the benefits negligible, particularly in light of the fact that employees are generally informed of their deficiencies in the course of periodic evaluations.

Faced with these competing arguments, we cannot fairly say, as did our Supreme Court in *Donaldson* and *Monks*, that "fairness and rightness" clearly dictate the granting of an unsuccessful candidate's request for a statement of reasons why he was not promoted over another eligible employee. We cannot and do not concern ourselves with the wisdom of the administrative policy challenged here. In that respect, we are mindful of the deference we are rightfully obliged to accord administrative agencies in the performance of their delegated duties. Where, as here, the Legislature has entrusted an administrative agency with the responsibility of selecting the means of achieving the statutory policy, the relation or nexus between the remedy and the goal sought to be accomplished is peculiarly a matter for administrative competence. We are not free to substitute our judgment for that of the administrative agency charged with the responsibility of executing a policy initiated by the Legislature.

Accordingly, the judgment of the Law Division is affirmed.