**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3911-16T3

IN THE MATTER OF DEREK
SLIMMER, CORRECTION
LIEUTENANT (PS60721),
DEPARTMENT OF CORRECTIONS.

_____

Argued October 30, 2018 – Decided November 28, 2018

Before Judges Hoffman and Firko.

On appeal from the New Jersey Civil Service Commission, Docket No. 2017-2342.

Donald C. Barbati argued the cause for appellant Derek Slimmer (Crivelli & Barbati, LLC, attorneys; Donald C. Barbati, on the brief).

Pamela N. Ullman, Deputy Attorney General, argued the cause for respondent Civil Service Commisssion (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Pamela N. Ullman, on the brief).

PER CURIAM

Appellant Derek Slimmer appeals from a final decision of the Civil Service Commission (Commission) denying his appeal of the decision to bypass

him on the eligible list for the position of Correction Lieutenant. After reviewing the record and applicable law, we affirm.

The facts are undisputed. Appellant was employed by the New Jersey Department of Corrections (DOC) as a Correction Sergeant at Bayside State Prison. He was ranked 108th on the promotional list for Correction Lieutenant that was posted on September 6, 2012, and open until September 5, 2015. On August 25, 2014, appellant received a Final Notice of Disciplinary Action that penalized him with a thirty-day suspension. The record before us is silent as to the circumstances or the charges levelled against him.

He challenged the suspension and, after the case was transferred to the Office of Administrative Law (OAL), a settlement agreement was entered on March 17, 2016. As part of the agreement, the charges were withdrawn and purged from his personnel file. His thirty-day suspension was vacated and converted to a letter of counseling. He was awarded back pay, as he already served the suspension. The DOC agreed not to assert any position in respect of any appeal filed by appellant pertaining to "a promotions list." The settlement was approved and finalized on June 30, 2016, by the OAL.

Almost four months later, on October 24, 2016, appellant notified the DOC that the disciplinary charges against him were withdrawn. He requested a

promotion, back pay, and benefits associated with the Correction Lieutenant position. On December 30, 2016, the DOC responded that the promotional list expired on September 5, 2015, while his disciplinary charges were still pending, and denied his request. On January 23, 2017, appellant filed his appeal with the DOC. In a written opinion dated March 28, 2017, the Commission determined his appeal was untimely.

Appellant filed a notice of appeal with this court on May 11, 2017, because it was unclear whether the March 28, 2017 letter constituted a final agency decision. Therefore, we requested a letter of explanation as to why the Commission's letter should be deemed final and appealable as of right pursuant to Rules 2:2-3 and 2:5-1. Appellant submitted his letter of explanation on June 7, 2017, and on August 1, 2017, the Commission filed a motion to remand the matter, which was granted on September 13, 2017. We ordered a final decision to be issued within thirty days, and we denied appellant's cross-motion for the imposition of counsel fees and costs against the Commission.

The Commission denied the appeal on October 10, 2017. Notwithstanding the untimeliness of the appeal, the Commission found the decision to bypass appellant was proper pursuant to the Rule of Three, and concluded that he was not entitled to retroactive appointment, back pay, or benefits.

A-3911-16T3

This appeal follows in which appellant raises the following issues:

POINT I

THE COMMISSION ERRED IN DENYING SERGEANT SLIMMER'S APPEAL OF THE BYPASS OF HIS NAME ON THE CORRECTION LIEUTENANT ELIGIBLE LIST.

POINT II

SERGEANT SLIMMER'S UNDERLYING APPEAL TO THE CIVIL SERVICE COMMISSION WAS TIMELY.

POINT III

THE SETTLEMENT AGREEMENT BETWEEN SERGEANT SLIMMER AND THE NJDOC REGARDING THE DISCIPLINE ORIGINALLY IMPOSED AGAINST HIM RENDERED THE REASONING BEHIND HIS BYPASS ON THE ELIGIBLE LIST MOOT. AS SUCH, THE COMMISSION ERRED IN DENYING SERGEANT SLIMMER'S APPEAL AND AFFIRMING THE NJDOC'S DETERMINATION TO BYPASS HIS NAME ON THE ELIGIBLE LIST.

POINT IV

THE COMMISSION'S RELIANCE UPON THE "RULE OF THREE" IN DENYING SERGEANT'S SLIMMER'S APPEAL WAS LIKEWISE ERRONEOUS.

We find no merit to these contentions.

4

I.

This court has a "limited role" in reviewing agency determinations. In re Stallworth, 208 N.J. 182, 194 (2011) (citations omitted). To reverse the Commission's decision, this "court must find the agency's decision to be arbitrary, capricious, or unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole." Ibid. (alteration in original) (citations and internal quotation marks omitted). A strong presumption of reasonableness attaches to a decision of the Commission, In re Tukes, 449 N.J. Super. 143, 156 (App. Div. 2017) (citation omitted), as we "defer to an agency's expertise and superior knowledge of a particular field." Outland v. Bd. of Trs. of the Teachers' Pension & Annuity Fund, 326 N.J. Super. 395, 400 (App. Div. 1999) (citation omitted).

Except for hiring preferences awarded to military veterans, appointments and promotions in the civil service "shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive . . . ." N.J. Const. art. VII, § 1, ¶ 2. This principle of merit-based appointments is embodied in the Civil Service Act, N.J.S.A. 11A:4-1 to -16.

5

Appellant's suggestion in Point I that the Commission erroneously found that his appeal was untimely because he was not provided with formal notification of his bypass and that the appeal of his disciplinary charges was pending at the OAL when the eligibility test expired is unpersuasive. N.J.A.C. 4A:4-6.6(a)(1) requires an appeal to be filed within twenty days after appellant knew or reasonably should have known of the decision or action being appealed from. Here, appellant concedes that he did not file his appeal until January 23, 2017, after writing to the DOC on October 24, 2016, that he was "unjustifiably bypassed." There is no justification for his missing the twenty-day filing period. Relying upon the June 30, 2016 date when his disciplinary charges were withdrawn and the settlement agreement was finalized also does not support appellant's argument.

In its Final Administration Action, the Commission duly stated: "The purpose of the time limits is not to eliminate or curtail the rights of the appellant, but to establish a threshold of finality." We agree.

II.

Turning to Point II of appellant's brief asserting that his appeal was timely, we disagree. Since the exact date of appellant's bypass for a promotion was not stated, the Commission gave him the benefit of the doubt by using the date the

eligibility list expired, on September 5, 2015, as the date for calculating the appeal filing deadline. No prejudice resulted to him.

Appellant further contends that even if his appeal was untimely filed, he should be granted an extension. N.J.A.C. 4A:1-1.2(c) authorizes the Commission to relax the rules for "good cause" shown. A valid excuse for the delay, and a showing that it was reasonable, is required. See Appeal of Syby, 66 N.J. Super. 460, 464 (App. Div. 1961) (holding that counsel preoccupied with another litigation was not sufficient cause to warrant an extension for an appeal). The length and reason for the delay are factors to be considered. Knorr v. Smeal, 178 N.J. 169, 181 (2003) (citing Lavin v. Hackensack Bd. of Educ., 90 N.J. 145, 152 (1982)).

Defendant does not offer any reason as to why he missed the filing deadline, and merely claims that the Commission's determination was erroneous and should be reversed. We are not persuaded.

III.

In his third point, appellant argues that the disciplinary action was the only reason behind him being bypassed, and confirmation of the settlement agreement rendered that reasoning moot. The pertinent section of the settlement agreement provides: "The [DOC] shall amend [a]ppellant's personnel records

7

to conform to the terms of the settlement . . . the [DOC] agrees to take no position with regard to any appeal filed by [a]ppellant to the [Commission] with respect to a promotions list."

Saliently, the eligibility list expired on September 5, 2015, long before appellant's disciplinary charges were converted to a settlement on June 30, 2016. The December 30, 2016 DOC correspondence to appellant informed him of a newly created promotional list for the Correction Lieutenant position to fill vacancies that would expire on September 8, 2018. Instead of applying, he chose to appeal.

Appointing authorities are permitted to consider an individual's pending or concluded disciplinary charges as a basis for bypassing an applicant, absent any unlawful motive. In re Foglio, 207 N.J. 38, 47 (2011); see also In the Matter of Michael Cervino (MSB, decided June 9, 2004); In the Matter of Michael Boylan (MSB, decided October 22, 2003) (holding it was within the appointing authority's discretion to bypass appellant due to two discrimination complaints against him, which could have resulted in disciplinary charges after being transferred to the OAL for a hearing); In the Matter of Gary R. Kern, et al. (MSB, decided October 11, 2000) (holding that appellant was not entitled to retroactive

A-3911-16T3

appointment when he was initially bypassed by the appointing authority due to pending disciplinary charges that were later dismissed).

Appellant does not point to any unlawful motive on the part of the DOC. The Commission's consideration of appellant's disciplinary sanctions while the list was active was, therefore, proper. The Commission rightfully bypassed him for the position at that time, and did not fail to uphold the settlement agreement.

IV.

Turning to the last argument raised in Point IV, we conclude that the Commission properly exercised its discretion under the Rule of Three, N.J.A.C. 4A:4-4.8(a)(3), which limits the discretion of the appointing authority by permitting selection from the three highest scoring candidates. See Commc'ns Workers of Am. v. New Jersey Civ. Serv. Comm'n, 234 N.J. 482, 524-25 (2018) (citations omitted) (explaining that the Rule of Three permits an appointing authority "to select one of the three highest scoring candidates from the examination"); see also N.J.S.A. 11A:4-8 and 5-7.

The Rule of Three is intended to limit, not eliminate, hiring discretion. Foglio, 207 N.J. at 46 (citing Commc'ns Workers of Am. v. N.J. Dep't of Pers., 154 N.J. 121, 129 (1998)). Thus, the appointing authority may bypass a higher-ranked candidate "for any legitimate reason based upon the candidate's merit."

<u>In re Hruska</u>, 375 N.J. Super. 202, 210 (App. Div. 2005) (citation omitted).  An applicant "who successfully passes an examination and is placed on an eligible list does not thereby gain a vested right to appointment.  The only benefit inuring to such a person is that, so long as that list remains in force, no appointment can be made except from that list."  <u>In re Crowley</u>, 193 N.J. Super. 197, 210 (App. Div. 1984) (citations omitted).  Valid reasons for a bypass include a preference for a college degree, performance in an interview, character, prior experience, training, and employment references.  <u>Foglio</u>, 207 N.J. at 49.

The burden of proof lies with the bypassed candidate to show by a preponderance of the evidence that the appointing authority's bypass decision was motivated by discrimination, retaliation, or other improper motive.  <u>Jamison v. Rockaway Twp. Bd. of Educ.</u>, 242 N.J. Super. 436, 445 (App. Div. 1990).  Once the claimant makes a prima facie showing, the burden of production, but not the burden of persuasion, shifts to the employer to articulate a legitimate, non-discriminatory or non-retaliatory reason for the decision.  <u>Ibid.</u>  If the employer meets its burden, the claimant can still prevail if the claimant shows that either the proffered reasons are pretextual, or that the improper reason more likely motivated the employer.  <u>Ibid.</u>

A-3911-16T3

Appellant suggests that the certification of Will Toolen, President of the New Jersey Law Enforcement Supervisors Association, states that the DOC does not apply the Rule of Three in selecting candidates per se, and its practice is to "promote straight down the list of individuals eligible for appointment." Moreover, the Commission stated, "the fact that the appointing authority did not previously bypass candidates did not preclude it from doing so in the instant matter." Appellant's claim is unaccompanied by factual support, giving us no basis to ignore the Legislative mandate regarding the longstanding use of the Rule of Three.

In Foglio, the Supreme Court addressed the entitlement of candidates eligible for promotion, stating:

> No right accrues to a candidate whose name is placed on an eligible list. In re Crowley, 193 N.J. Super. 197, 210 (App. Div. 1984). ("[A] person who successfully passes an examination and is placed on an eligible list does not thereby gain a vested right to appointment."). "The only benefit inuring to such a person is that so long as that list remains in force, no appointment can be made except from that list." Ibid. "[T]he best that can be said" of a candidate on an eligible list is that he has "a right to be considered for appointment." Nunan v. N.J. Dep't of Pers., 244 N.J. Super. 494, 497 (App. Div. 1990).
>
> [Foglio, 207 N.J. at 44-45.]

A-3911-16T3

We reject appellant's arguments.  He had no vested right to appointment because of his placement on an eligibility list, and he failed to provide a legal basis supporting entitlement to the remedy of a retroactive date of appointment. Therefore, we cannot conclude the Commission's final decision was "arbitrary, capricious, or unreasonable, or that it lacks fair support in the record . . . ." Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3911-16T3