**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2268-18T1

IN THE MATTER OF CRAIG
G. HOWLETT, POLICE SERGEANT
(PM0721P), AND LORI A. SOARES,
POLICE CAPTAIN, (PM1255T),
BOROUGH OF ROSELLE.

_____

Argued telephonically April 21, 2020 –
Decided May 15, 2020

Before Judges Yannotti, Currier and Firko.

On appeal from the New Jersey Civil Service
Commission, Docket Nos. 2019-687 and 2019-688.

Robert K. Chewning argued the cause for appellants
Craig G. Howlett and Lori A. Soares (Mc Laughlin &
Nardi, LLC, attorneys; Maurice W. Mc Laughlin and
Robert K. Chewning, on the briefs).

Douglas S. Zucker argued the cause for respondent
Borough of Roselle (Weiner Law Group LLP,
attorneys; Douglas S. Zucker, of counsel and on the
brief; Dustin F. Glass, on the brief).

Steven Michael Gleeson, Deputy Attorney General,
argued the cause for respondent Civil Service
Commission (Gurbir S. Grewal, Attorney General,
attorney; Sookie Bae, Assistant Attorney General, of

counsel; Steven Michael Gleeson, Deputy Attorney General, on the brief).

PER CURIAM

Craig G. Howlett and Lori A. Soares appeal from a final decision of the Civil Service Commission (CSC) dated December 21, 2018, which found that the Borough of Roselle (Borough) did not abuse its discretion in bypassing Howlett for promotion to the position of Sergeant on PL170170 and Soares for promotion to the position of Lieutenant on PL170171. We affirm.

I.

In 2006, Howlett began his employment as an officer in the Borough's police force. He was later certified as eligible for promotion to the position of Sergeant but bypassed in November 2014 (PL140948), June 2015 (PL150368), September 2015 (PL150832), and November 2016 (PL161246). Howlett again applied for promotion to the position of Sergeant and in February 2017, he ranked first on the certified eligibility list (PL170170).

In March 2017, as part of the Borough's promotional process, the three members of the Borough's Public Safety Committee (PSC) interviewed four candidates for the position of Sergeant: Howlett, William D. Lord (who ranked second), Carmen Olivera-Barnes (ranked third), and Victor Conti (ranked fourth). Lord and Olivera-Barnes each received total scores of 136, and

Howlett's score was 115. The Borough bypassed Howlett and promoted Lord and Olivera-Barnes.

In 1994, Soares began her employment as a police officer in the Borough. Soares was certified as eligible for promotion to the position of Lieutenant, but she was bypassed in November 2016 (PL161247). In February 2017, Soares was ranked second on the certified eligibility list (PL170171).

In March 2017, the three members of the Borough's PSC interviewed Soares, Michael Cyktor (ranked first), Brian Brennan (ranked third), and Michael Sojka (ranked fourth). Chief of Police Gerald J. Orlando recommended Soares and Cyktor for promotion. Cyktor received a total score of 140, Brennan 138, Soares 131, and Sojka 128. The Borough bypassed Soares and promoted Cyktor and Brennan.

In April 2017, Howlett filed an administrative appeal with the CSC challenging the Borough's decision to bypass him for promotion regarding PL161246 and PL170170. Soares also filed an appeal in April 2017. She challenged the Borough's decision to bypass her for promotion regarding PL161247 and PL170171. The parties submitted position papers to the CSC in support of their respective appeals.

3

Howlett and Soares contended that the PSC's interview process was inconsistent, undefined, and random, and that the Borough did not have legitimate reasons for bypassing them for promotion. The Borough asserted, however, that Howlett's appeal regarding PL161246 and Soares's appeal regarding PL161247 were untimely and should not be considered. The Borough also asserted that it correctly applied the applicable civil service rules in bypassing Howlett and Soares, and properly based those decisions on the scoring of the candidates in the PSC's interview process.

While the administrative appeals were pending, Orlando wrote to the CSC and recommended that Howlett and Soares be promoted to the positions they were seeking. Orlando stated that the Borough implemented the interview process to circumvent the civil service eligibility list and select candidates who are "politically connected in various ways[,]" specifically monetary donations and relationships with local politicians. He said the individuals promoted ahead of Howlett and Soares "are fine officers" but there was no reason to bypass Howlett or Soares, "who have impeccable service records."

The CSC issued letters to Howlett and Soares dated January 9, 2018. The CSC found that Howlett's appeal regarding PL161246 and Soares's appeal regarding PL161247 were untimely and would not be considered. The CSC then

4

addressed the appeals regarding PL170170 and PL170171, and noted that effective November 13, 2017, Howlett was promoted to the position of Sergeant and Soares was promoted to the position of Lieutenant.

The CSC found, however, that the Borough had provided legitimate reasons for bypassing Howlett and Soares for promotion earlier. The CSC stated that an appointing authority has the discretion to choose the method of selecting persons for promotion and, in the exercise of that discretion, could choose to interview candidates and rank their performance in the interviews.

The CSC noted that Howlett and Soares were asked the same questions as the other candidates for promotion. It stated that, while Howlett and Soares may have ranked higher on the respective eligibility lists, neither had a vested interest in promotion to the positions they were seeking.

Howlett and Soares then appealed to this court.[1] In September 2018, we entered orders in both appeals granting motions by the CSC to remand the matters for further review. We did not retain jurisdiction.

The CSC thereafter consolidated the administrative appeals and issued its final decision on December 21, 2018. The CSC stated that although Howlett

---

[1] Howlett's appeal was docketed under A-2773-17 and Soares's appeal was docketed under A-2776-17.

and Soares were promoted to the positions they were seeking, their appeals of the bypasses on PL170170 and PL170171 were not moot. The CSC noted that if the prior bypass decisions were improper, Howlett and Soares would be entitled to retroactive relief.

Therefore, the CSC addressed the merits of the appeals. The CSC stated that under the so-called "Rule of Three," an appointing authority has the discretion to select any one of the top three eligible persons on a promotion list, so long as no veteran heads the list. The bypassed candidate has the initial burden of presenting a prima facie case that the bypass was the result of discrimination, retaliation, or otherwise improper.

The appointing authority then has the burden to articulate a legitimate, non-discriminatory, or non-retaliatory reason for the decision. The candidate may still prevail if he or she establishes that the appointing authority's proffered reasons are pretextual or the improper reasons were the more likely motivations for the decision. The appointing authority then must prove the adverse action would have been taken regardless of any discriminatory or retaliatory motives.

The CSC found that neither Howlett nor Soares had shown that the Borough abused its discretion in bypassing Howlett on PL170170 and Soares on PL170171. The CSC found that the Borough properly based its bypass decisions

on the scoring of the eligible candidates during the interview process, which has been in place since 2014.

The CSC noted that the members of the Borough's PSC asked all of the eligible candidates the same preset interview questions and scored each response on a scale of one to five. The PSC also added five points to the scores of any candidate recommended by the Chief of Police, and the persons with the highest scores were selected for promotion.

The CSC found there was no evidence the Borough's bypass decisions were due to invidious reasons, or a lower-ranked eligible candidate was selected based on political considerations. The CSC concluded that the Borough's decisions to bypass Howlett and Soares for the promotions were proper. This appeal followed.

## II.

On appeal, Howlett and Soares argue: (1) the CSC should have referred the appeals to the Office of Administrative Law (OAL) for an evidentiary hearing before an Administrative Law Judge (ALJ) because material facts were in dispute; and (2) the Borough's reasons for bypassing Howlett on PL170170 and Soares on PL170171 were unlawful, arbitrary and capricious.

A-2268-18T1

An appellate court has "a limited role" in the review of administrative agency decisions. Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980). Therefore, an appellate court may only reverse an agency's decision where it finds that the decision is "arbitrary, capricious or unreasonable or . . . not supported by substantial credible evidence in the record as a whole." Id. at 579-80 (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).

In determining if an agency's decision is arbitrary, capricious or unreasonable, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

We "may not substitute [our] own judgment for the agency's even though [we] might have reached a different result . . . ." Id. at 483 (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). "This is particularly true when the issue under review is directed to the agency's special 'expertise

and superior knowledge of a particular field.'"  In re Stallworth, 208 N.J. 182, 195 (2011) (quoting In re Herrmann, 192 N.J. 19, 28 (2007)).

The New Jersey Constitution provides in pertinent part that "[a]ppointments and promotions in the civil service of the State, and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive."  In re Foglio, 207 N.J. 38, 43-44 (2011) (quoting N.J. Const. art. VII, § 1, ¶ 2).

The Civil Service Act (CSA), N.J.S.A. 11A:1-1 to 12-6, and regulations promulgated pursuant to the CSA, implement the policies underlying this constitutional provision.  Id. at 44 (citing N.J.S.A. 11A:2-6(d)).  The CSA and the regulations generally provide for merit-based appointments to positions in the civil service.  Ibid.

If there is a vacancy in a civil service position for which an examination is required, the CSA "provides for an examination process."  Ibid. (citing N.J.S.A. 11A:4-2).  "When an examination is announced, minimum qualifications for the position must be posted."  Ibid. (citing N.J.A.C. 4A:4-2.1). "After the examination, an eligible list is published ranking all passing

candidates by score, with special ranking rules for veterans and for tie scores." Ibid. (citing N.J.A.C. 4A:4-3.2).

If "an appointing authority requests a list of candidates for a vacant position, the [Commissioner of Personnel] will issue a certification 'containing the names and addresses of the eligibles with the highest rankings on the appropriate list.'" Ibid. (citing N.J.A.C. 4A:4-4.2(a)). "A complete certification consists of 'three interested eligibles for the first permanent appointment, and the name of one additional interested eligible for each additional permanent appointment.'" Ibid. (quoting N.J.A.C. 4A:4-4.2(c)(2)).

"The Rule of Three . . . governs the hiring discretion of the appointing authority[ and] 'permits an appointing authority to select one of the three highest scoring candidates from an open competitive examination.'" Id. at 45 (quoting Local 518, N.J. State Motor Vehicle Emps. Union v. Div. of Motor Vehicles, 262 N.J. Super. 598, 603 (App. Div. 1993)). In its present form, the Rule of Three states:

> The commissioner shall certify the three eligibles who have received the highest ranking on an open competitive or promotional list against the first provisional or vacancy. For each additional provisional or vacancy against whom a certification is issued at that time, the commissioner shall certify the next ranked eligible. If more than one eligible has the same score, the tie shall not be broken and they shall have the same

rank. If three or more eligibles can be certified as the result of the ranking without resorting to all three highest scores, only those eligibles shall be so certified.

A certification that contains the names of at least three interested eligibles shall be complete and a regular appointment shall be made from among those eligibles. An eligible on an incomplete list shall be entitled to a provisional appointment if a permanent appointment is not made.

Eligibles on any type of reemployment list shall be certified and appointed in the order of their ranking and the certification shall not be considered incomplete.

[N.J.S.A. 11A:4-8.]

After the Commissioner certifies the list of three eligible candidates, the appointing authority has the discretion to choose among the candidates to fill the vacancy. Foglio, 207 N.J. at 45 (citing N.J.S.A. 11A:4-8). "The [R]ule of [T]hree recognizes employment discretion and seeks to ensure that such discretion is not exercised in a way inconsistent with 'merit' considerations." Terry v. Mercer Cty. Bd. of Chosen Freeholders, 86 N.J. 141, 149-50 (1981).

After the appointing authority selects a candidate for appointment to a vacancy, it must file a report with the Department of Personnel (DOP) explaining its decision. Foglio, 207 N.J. at 46 (citing N.J.A.C. 4A:4-4.8(b)). When the appointing authority bypasses a higher-ranked candidate, it must provide the DOP with a "statement of reasons why the appointee was selected

instead of a higher ranked eligible . . . ." Ibid. (quoting N.J.A.C. 4A:4-4.8(b)(4)). "[T]he appointing authority retains discretion to bypass a higher-ranked candidate 'for any legitimate reason based upon the candidate's merit.'" Id. at 47 (quoting In re Hruska, 375 N.J. Super. 202, 210 (App. Div. 2005)).

### III.

As noted, Howlett and Soares argue that the CSC erred by failing to refer their administrative appeals to the OAL for an evidentiary hearing before an ALJ. They argue that each appeal is a "contested case" under N.J.S.A. 52:14B-2 and that N.J.A.C. 4A:2-1.1(d) requires an evidentiary hearing to resolve disputes of material fact pertinent to the Borough's bypass decisions.

"It is well settled that a party affected by administrative action who desires a hearing must first demonstrate the existence of a constitutional or statutory right to such [a] hearing." In re Crowley, 193 N.J. Super. 197, 208-09 (App. Div. 1984). "To establish a constitutional right to a hearing, an individual must show that there is a genuine dispute of material fact and that he has a constitutionally protected interest." Id. at 209 (citing Cunningham v. Dep't of Civil Serv., 69 N.J. 13, 18-19 (1975)).

"[T]he mere expectancy of employment [i]s not an interest of constitutional dimension . . . ." Ibid. (citing Bd. of Regents v. Roth, 408 U.S.

564, 576-77 (1972)).  Moreover, "[n]o right accrues to a candidate whose name is placed on an eligible list."  Foglio, 207 N.J. at 44 (citing Crowley, 193 N.J. Super. at 210).  "The only benefit inuring to such a person is that so long as that list remains in force, no appointment can be made except from that list."  Crowley, 193 N.J. Super. at 210.  Therefore, Howlett and Soares do not have a constitutional right to a hearing.

We note that Howlett and Soares do not contend that they have a right under the CSA to an evidentiary hearing on a bypass decision.  Rather, they contend an evidentiary hearing was required by N.J.S.A. 4A:2-1.1(d).  The statute provides in pertinent part that the CSC will decide an appeal "on the written record" except when a hearing is required by law or the CSC finds "a material and controlling dispute of fact exists that can only be resolved by a hearing . . . ."  Ibid.

Howlett and Soares have identified issues which they contend are "material and controlling" and can only be resolved by an evidentiary hearing.  Those issues are: (1) the "actual reasons and motivations" for the Borough's bypass decisions and the use of the Rule of Three for those decisions; (2) the identities of the members of the PSC who conducted the interviews of the eligible candidates for promotion to the positions of Sergeant and Lieutenant in

March 2017 so that "conflicts and bias" on the part of these members can be examined; (3) the grades each PSC member gave to each candidate interviewed; (4) the date or dates each interviewer graded the candidates; (5) the "actual reasons and motivations" for the grades given to the candidates; (6) the Borough's process for selecting the members of the PSC who would conduct the interviews; (7) whether Borough officials made any statements against interest or admissions regarding the appeals; and (8) whether there are any other documents related to the policies or procedures for the promotional interviews.

However, the record shows that in its submissions to the Commission, the Borough explained the "actual reasons and motivations" for utilizing the Rule of Three and bypassing Howlett and Soares for promotions on PL170170 and PL170171, respectively. The Borough stated that the members of the PSC interviewed the candidates for Sergeant and Lieutenant, asked each candidate an identical series of preset questions, and scored each candidate on their answers on a fixed numerical basis.

The Borough further explained that scoring sheets were completed anonymously, and copies of those documents were provided. Howlett and Soares have not shown that the identities of the members who completed the scoring sheets are relevant or material to their appeals. They also have not

14

explained why the date or dates each candidate was graded is either relevant or material. Even so, the Borough's attorney stated in a letter dated December 16, 2018, to the Police Benevolent Association, that the scoring sheets were completed when the candidates were interviewed.

Moreover, the Borough explained that all three members of the PSC conducted the interviews and graded the candidates. Thus, there is no issue as to the manner in which the Borough selected the members of the PSC to conduct the interviews. In addition, the Borough explained that the "actual reasons and motivations" of the persons who conducted the interviews was to score the candidates based on their answers to the questions to determine their merit and fitness for the positions.

Furthermore, Howlett and Soares have not shown that an inquiry into potential conflicts and bias on the part of the PSC members is warranted. They did not present the CSC with evidence of any such conflict or bias. Howlett and Soares also failed to show that disclosure of any statements against interest by Borough officials regarding their appeals, or the production of "other" documents related to the policies and procedures for the promotion interviews, would be relevant or material to the appeals.

A-2268-18T1

We therefore conclude that the CSC correctly determined that an evidentiary hearing was not required to resolve the issues raised by Howlett and Soares in their administrative appeals. The Borough provided the CSC with explanations for its decisions to bypass Howlett and Soares for promotions in March 2017. There were no disputed issues of material fact which required an evidentiary hearing, and the CSC did not err by deciding the appeal based on the written record.

IV.

Howlett and Soares further argue that the Commission's final decision is arbitrary, capricious and unreasonable. They contend the Borough failed to provide legitimate reasons when it bypassed Howlett on PL170170 and Soares on PL170171. They assert the Borough bypassed them for promotion because they were not "connected" with local politicians in the Borough. They also argue that the Borough's interview process "itself leads to arbitrary and capricious results[,]" and is "clearly against New Jersey's Constitution . . . ." We disagree.

As we previously stated, under the Rule of Three, "the appointing authority has the discretion to bypass a higher-ranked candidate on a list of eligible 'for any legitimate reason based upon the candidate's merit.'" Foglio,

16

207 N.J. at 47 (quoting In re Hruska, 375 N.J. Super. at 210). If the appointing authority has a "legitimate reason" for bypassing a higher-ranked candidate, then the appointment does not run afoul of New Jersey's Constitution. Crowley, 193 N.J. Super. at 214.

Here, the record supports the Commission's determination that the Borough properly exercised its discretion under the Rule of Three when it bypassed Howlett on PL170170 and Soares on PL170171. The CSC found the Borough has the discretion to conduct interviews as part of the promotional process. The Borough has been using the interview process since 2014.

The CSC noted that the members of the Borough's PSC conducted interviews of the candidates for promotion to Sergeant and Lieutenant. Each candidate was asked the same series of preset questions. The candidates' answers to the questions were given a score of between zero to five. In addition, five points were added to any candidate that the Chief of Police recommended.

The CSC found there was no credible evidence the interviews were conducted inappropriately. It stated that "the selection of lower ranked candidates based on their performance during the interview[s] was not arbitrary and provided a legitimate reason for the bypass of [Howlett and Soares]." There is sufficient credible evidence in the record to support that finding.

17

The CSC also rejected Howlett's and Soares's assertions that the Borough's bypass decisions were due to invidious reasons. The CSC noted that neither Howlett nor Soares had presented any evidence to support their assertion that the lower ranked eligible candidates were appointed based on political considerations. We note that, while Orlando stated in his letter to the CSC that the Borough implemented the interview process to circumvent the civil service regulations and appoint persons with political connections, he provided no evidence supporting that allegation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION