NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5470-16T1

IN THE MATTER OF ROBERT
BROWN, POLICE SERGEANT
(PM0622N), CITY OF SALEM.

_____

APPROVED FOR PUBLICATION

March 1, 2019

APPELLATE DIVISION

Submitted January 23, 2019 – Decided March 1, 2019

Before Judges Fisher, Suter and Firko.

On appeal from the New Jersey Civil Service
Commission, Docket No. 2017-2287.

Lauren P. Sandy, attorney for appellant Robert Brown.

Chance & McCann LLC, attorneys for respondent City
of Salem (Andrea Rhea, on the letter brief).

Gurbir S. Grewal, Attorney General, attorney for
respondent Civil Service Commission (Pamela N.
Ullman, Deputy Attorney General, on the statement in
lieu of brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

When a civil service vacancy arises, the law calls for the creation of an

eligible list and imposes on appointing authorities what is known as the rule of

three, N.J.S.A. 11A:4-8, which obligates a selection of one of the list's top three

candidates.  See, e.g., In re Martinez, 403 N.J. Super. 58, 72 (App. Div. 2008).

This rule provides the appointing authority "minimal discretion" in hiring, <u>In re Crowley</u>, 193 N.J. Super. 197, 210 (App. Div. 1984), while injecting "'merit' considerations" into the process, <u>Terry v. Mercer Cty. Bd. of Chosen Freeholders</u>, 86 N.J. 141, 149-50 (1981); <u>accord</u> <u>N.J. Const.</u> art. VII, § 1, ¶ 2 (declaring that "[a]ppointments and promotions in the civil service . . . shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive"). So, to serve the competing interests of discretion and merit, an appointing authority must apply the rule of three but, in the process, may bypass a higher-ranked candidate for any "legitimate reason." <u>In re Foglio</u>, 207 N.J. 38, 47 (2011); <u>Crowley</u>, 193 N.J. Super. at 214. A "legitimate reason," however, would not include utilizing the rule of three to discriminate in an unlawful or retaliatory manner. <u>Terry</u>, 86 N.J. at 152 (holding that a "construction of the civil service statute which would completely submerge and displace the corrective purposes of the Law Against Discrimination in favor of the merit principles of the civil service laws is unwarranted"); <u>see also</u> <u>In re Hruska</u>, 375 N.J. Super. 202, 210 (App. Div. 2005) (recognizing that "the Law Against Discrimination, N.J.S.A. 10:5-17, further limits the appointing authority's discretion during hiring determinations despite the rule of three").

A-5470-16T1

Robert Brown has been employed by the City of Salem as a police officer for sixteen years. He is African-American and claims disparate treatment in Salem's promotion of officers to vacant sergeant positions.

The record reveals Salem was in the habit of designating officers to act as sergeants rather than actually making such promotions; that circumstance prompted Officer Brown to file a civil service appeal as well as a complaint with the Equal Employment Opportunity Commission in 2013. These claims were resolved when Salem agreed to thereafter permanently appoint officers to vacant sergeant positions. In conjunction with this settlement, Salem's city solicitor informed the parties in June 2014 that because the Civil Service Commission's creation of a new appointment list would take time, the most senior officer – a Caucasian officer – would be designated "provisional sergeant" with the understanding he would not receive "any superior rights to the permanent appointment" as a result. The city solicitor also advised that with the designation of this officer, Salem would "continue[] the Department's 'seniority' tradition" (emphasis added). Five months later, the Commission certified a list for appointment to the position of sergeant. Officer Brown appeared fourth on the list; the Caucasian officer, who had been designated "provisional sergeant,"

appeared in first place and received the only appointment to sergeant that Salem made at that time.

Another list was certified in August 2016, and the City promoted three officers from that list; Officer Brown was ranked second but was bypassed. The officers in first, third, and fourth position were promoted instead; the first and third officers are Caucasian, the fourth is African-American.[1] This prompted Officer Brown's appeal to the Commission.

---

[1] The race of the officers on the August 2016 list – other than Officer Brown – was not revealed in the record on appeal. We recently asked the parties for this information. In stipulating to the race of the officers on the list, however, the Commission and Salem argue that Brown did not previously argue that Salem's bypassing of him was based on unlawful discrimination and they urge that we not consider this new assertion, citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). But the jurisprudential rule that appellate courts should not consider facts or arguments not previously presented or raised is not always applicable; our Supreme Court has put aside the Nieder rule to accomplish a just result in a number of instances. See, e.g., O'Donnell v. N.J. Tpk. Auth., __ N.J. __, __ (Jan. 14, 2019) (slip op. at 8, 22-23) (in deciding the issue presented, the Supreme Court permitted expansion of the record and considered facts and an argument not presented to the Law and Appellate Divisions); State v. T.J.M., 220 N.J. 220, 232 (2015) (the Court considered facts presented by the Attorney General for the first time at oral argument in the Supreme Court and, in ruling, considered these new factual assertions in resolving the issue presented); State v. Dellisanti, 203 N.J. 444, 447-48, 452 n.1, 460 (2010) (after the Supreme Court rendered its opinion, the retired trial judge wrote to correct a misperception about the factual record that was previously presented to the Appellate Division and the Supreme Court and acceded to by the State; the Supreme Court accepted the parties' stipulation of facts in light of the retired judge's assertions, vacated its prior opinion, and newly decided the issues presented based on the new information).

In seeking relief, Officer Brown claimed he was senior to two of the three promoted over him – in contravention of the seniority "tradition" cited by the city solicitor in June 2014 – and he claimed more experience as "acting sergeant" than two of the three promoted officers. Officer Brown also argued to the Commission that the officer in first place had both been caught sleeping while on duty in 2016 and received complaints about his interactions with the community. Contrasting that officer's circumstances with his own, Officer Brown claimed he was never disciplined, never received complaints about his public interactions, and was honored several times in the past for outstanding service.

Salem and its police chief disputed Officer Brown's contentions, claiming in their own submissions that the officers in first and fourth place on the list had both logged hours as "acting sergeant"; presumably, because he wasn't mentioned, the City and the police chief conceded the officer in third place had not logged "acting sergeant" hours. Officer Brown responded that he had almost three times the amount of hours as "acting sergeant" than the officer in first place on the list.

Salem and its police chief also expressed concerns about Officer Brown's performance in supervising others as noted in his most recent performance

review; the other candidates, according to Salem and its police chief, did not receive similar criticism in their performance reviews. The chief of police acknowledged Officer Brown received awards for past service, but he claimed the other candidates did as well. And, the chief of police disputed Officer Brown's claim to a clean disciplinary record, asserting that Officer Brown once allowed a less-experienced officer to take control of a tactical briefing during his shift as "acting sergeant" so he could make personal phone calls, and that on another occasion Officer Brown allegedly failed to teach an officer proper patrol procedures.[2]

Based on these allegations – and without conducting an evidentiary hearing to ascertain the truth of the disputed allegations or to determine whether the appointing authority's reasons were a pretext for retaliation or unlawful discrimination – the Commission issued a final decision in Salem's favor. The Commission rejected the contention that Salem had a practice of basing appointments on seniority despite what the city solicitor said in June 2014, viewed Officer Brown's assertions as "mere allegations" while apparently

---

[2] There were other discrepancies about disciplinary records in the parties' submissions to the Commission that we need not discuss because of the nature of our disposition of this appeal and because the Commission also made no mention of that information in its final decision.

A-5470-16T1

accepting the police chief and Salem's allegations, and detected an absence of substantive evidence to support the claim that the bypassing of Officer Brown was anything but an exercise of permissible discretion.

We acknowledge that our review of administrative determinations is limited, In re Stallworth, 208 N.J. 182, 194 (2011), and that a presumption of reasonableness attaches to those decisions, In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994). But this deference largely emanates from our appreciation of the agency's expertise combined with its opportunity to see and hear the witnesses when making credibility findings on disputed questions. In re Taylor, 158 N.J. 644, 656 (1999). Here, the City contends that we should defer to the Commission's determination when the Commission only weighed the parties' submissions without testing their contentions at an evidentiary hearing. To be sure, we acknowledge that many civil service matters may be resolved without an evidentiary hearing, but we find emerging from the disputed facts and circumstances here an air of pretextuality not easily disregarded. Because the parties' factual disputes have yet to be examined through the give and take of an evidentiary hearing, at which the agency might for the first time form a view of the disputants' credibility, we

find the Commission's decision, which dismissed Officer Brown's allegations in conclusory fashion, to be arbitrary, capricious, and unreasonable.

Vacated and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5470-16T1