**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1454-19

IN THE MATTER OF
DEAN TESTA, POLICE
SERGEANT (PM0861V),
ROCKAWAY TOWNSHIP.

_____

Argued April 13, 2021 – Decided May 3, 2021

Before Judges Yannotti and Natali.

On appeal from the New Jersey Civil Service Commission, Docket No. 2019-1865.

Robert K. Chewning argued the cause for appellant Dean Testa (McLaughlin & Nardi, LLC, attorneys; Maurice W. McLaughlin and Robert K. Chewning, on the briefs).

Thomas N. Ryan argued the cause for respondent Township of Rockaway (Laddey, Clark & Ryan, LLP, attorneys; Thomas N. Ryan and Nicole C. Tracy, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Civil Service Commission (Jonathan S. Sussman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Dean Testa appeals from an October 29, 2019 final decision of the Civil Service Commission (CSC) which found that the Township of Rockaway (Township) did not abuse its discretion in bypassing him for promotion to the position of sergeant. We affirm.

I.

Testa began his employment as a police officer with the Township Police Department (Department) in July 2002. Approximately sixteen years later, he successfully completed the written examination for an open sergeant position and was placed on the CSC promotion list. Testa ranked second out of seven eligible candidates.

Despite his high ranking, the Township invoked the "Rule of Three" and bypassed Testa to promote instead officers ranked first, third, and fourth on the CSC list. On January 14, 2019, Testa appealed the Township's decision to the CSC contending it was "arbitrary, capricious, and done with an in[s]idious purpose." He also requested that the matter be referred to the Office of Administrative Law (OAL) as a contested proceeding pursuant to Administrative Procedure Act (APA), N.J.S.A. 52:14B-1 to -31 and N.J.S.A. 52:14F-1 to -23.

In a March 18, 2019 letter to the CSC, the Township's counsel provided the following reasons for bypassing Testa for the sergeant position in favor of the two lower-ranked candidates:

> A review of their files showed that two of the top three candidates . . . had several years of experience in the [Department's] Detective Bureau, conducting investigations and follow-ups into various types of crimes. The other candidate, Dean Testa, did not have such experience. The Township felt that experience in the Detective Bureau would be an asset in this position.
>
> The experience and additional specialized training that an officer receives when he is assigned to the Detective Bureau is invaluable for the role of sergeant. Such experience gives that officer insight into situations and investigations that not only he is engaged in, but also those officers that . . . he is assigned to supervise, and is responsible for what might come across during their work shifts. This includes the taking of statements, evidentiary matters and thoroughness in reporting and documentation. Accordingly, the Township did not choose Mr. Testa for this position.

In response, Testa submitted a certification challenging the bases for the Township's decision. He stated he was not told that detective experience was necessary for advancement, or that it would have improved his chances of being promoted. He further questioned the good faith of the Township's reliance on the Rule of Three to bypass candidates without detective experience, as it had

3

failed to rely on that principle when promoting a previous officer to sergeant who, like Testa, lacked experience as a detective.

Testa contended the Township's reasons were pretextual. He maintained the real reason he did not receive a promotion to sergeant was because of his contentious relationship with the Township's previous mayor. He claimed the mayor expressed a personal animosity toward him based on his friendship with a Township resident who had sued the mayor, and because Testa issued the mayor's son's girlfriend a ticket for operating an unregistered vehicle. According to Testa, the former mayor told him at a social event that he would never be promoted to sergeant and that even if he was not re-elected as mayor, the next mayor would "handle it and take over."

In further support of his claim that the Township acted in a retaliatory fashion, Testa asserted he was "wrongfully bypassed" for promotion based on previous objections he made to Department's Chief of Police regarding certain safety policies. Finally, he contended that his "experience, service record, and commendations" as a police officer were superior to those of the other candidates.

On October 29, 2019, the CSC denied Testa's appeal. In its written decision, the CSC found no material issue of disputed fact requiring a hearing

4

before the OAL, and that Testa failed to establish a prima facie case of retaliation. The CSC noted that the Township's mayor died before the December 4, 2018 CSC list was published, and Testa failed to provide evidence that the Township bypassed him for promotion "because of the actions of the former mayor or . . . any other animus towards him."

The CSC similarly concluded that Testa failed to provide any evidence connecting his disagreements with the Chief of Police with the Township's decision. Rather, the CSC determined the Township "presented a valid business reason for bypassing" him and noted that even accepting as true that the Township failed to employ previously the Rule of Three, it had not waived its entitlement to apply that doctrine to Testa's circumstance, as it was not a "use it or lose it" right. This appeal followed.

## II.

An appellate court has "a limited role" in the review of administrative agency decisions. Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980). We will not upset a determination by the CSC unless it is arbitrary, capricious, or unreasonable or it lacks fair support in the record as a whole. Ibid. A strong presumption of reasonableness attaches to a decision of the CSC, In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (citation omitted), as we "defer to an

agency's expertise and superior knowledge of a particular field." Outland v. Bd. of Trs. of the Tchrs.' Pension & Annuity Fund, 326 N.J. Super. 395, 400 (App. Div. 1999) (citation omitted).

In determining if an agency's decision is arbitrary, capricious, or unreasonable, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

We "may not substitute [our] own judgment for the agency's even though [we] might have reached a different result." Ibid. (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). We are not, however, "bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Richardson v. Bd. of Trs., 192 N.J. 189, 196 (2007) (quoting In re Taylor, 158 N.J. 644, 658 (1999)).

Testa first argues the CSC committed error when it denied his request to refer his matter to the OAL because there were material facts in dispute pertinent

6

to the Township's bypass decision. He maintains the Township's decision was improperly based on implicit credibility findings, and the absence of a hearing prevented the CSC from considering the Township's "true reasons" for bypassing him. Testa asserts that under the circumstances, he "should have been afforded a fact-finding hearing in order for both parties to be able to obtain and present evidence." We disagree.

Pursuant to the APA, an administrative agency may transfer a "contested case" to the OAL for a hearing. A contested case is defined under the APA as:

> [A] proceeding, . . . in which the legal rights, duties, obligations, privileges, benefits[,] or other legal relations of specific parties are required by constitutional right or by statute to be determined by an agency by decisions, determinations, or orders, addressed to them or disposing of their interests, after opportunity for an agency hearing . . . .
>
> [N.J.S.A. 52:14B-2.]

"The [APA] . . . does not create a substantive right to an administrative hearing; it merely provides for a procedure to be followed in the event an administrative hearing is otherwise required by statutory law or constitutional mandate." Toys "R" Us v. Twp. of Mount Olive, 300 N.J. Super. 585, 590 (App. Div. 1997) (citation omitted). An agency head has the exclusive authority to determine whether a case is a contested case within the intent of the APA.

N.J.S.A. 52:14F-7(a); N.J.A.C. 1:1-4.1; Sloan ex rel. Sloan v. Klagholtz, 342 N.J. Super. 385, 392 (App. Div. 2001).

"To establish a constitutional right to a hearing, an individual must show that there is a genuine dispute of material fact and that he has a constitutionally protected interest." In re Crowley, 193 N.J. Super. 197, 209 (1984) (citing Cunningham v. Dep't of Civ. Serv., 69 N.J. 13, 18-19 (1975)). "[T]he mere expectancy of employment [i]s not an interest of constitutional dimension . . . ." Ibid. (citing Bd. of Regents v. Roth, 408 U.S. 564, 576-77 (1972)). Moreover, "[n]o right accrues to a candidate whose name is placed on an eligible list." In re Foglio, 207 N.J. 38, 44 (2011) (citing id. at 210). "The only benefit inuring to such a person is that so long as that list remains in force, no appointment can be made except from that list." In re Crowley, 193 N.J. Super. at 210 (citations omitted).

Testa did not have a constitutional right to a hearing as his only interest was his expectation that he would receive a promotion to sergeant. In re Crowley, 193 N.J. Super. at 209. Nor did Testa have the right to an evidentiary hearing under N.J.A.C. 4A:2-1.1(d) or N.J.S.A. 52:14B-2. N.J.A.C. 4A:2-1.1(d) provides in pertinent part that the CSC will decide an appeal "on a written record" except when a hearing is required by law or the CSC finds "a material

and controlling dispute of fact exists that can only be resolved by a hearing." When there are no contested material issues of fact, the matter is not considered a "contested case." Sloan, 342 N.J. Super. at 392 (citing N.J.S.A. 52:14B-2(b)).

Here, the CSC did not base its final decision on any credibility findings and there was no dispute as to any material fact. Rather, the CSC relied on the undisputed facts in the record and rejected Testa's legal conclusions. In this regard, Testa does not dispute that the Township was permitted to consider an applicant's prior experience as a detective when evaluating promotions to sergeant, that the promoted officers had such experience, and that he did not. Further, as discussed below, Testa failed to establish a prima facie case of retaliation and did not have a right to discovery based on those unsupported claims.

III.

Testa also contends that the Township's bypass decision was arbitrary and capricious and was a pretext for its "retaliation and bad faith." He further argues the CSC should have required the Township to submit certifications or sworn statements addressing the bases for its decision rather than accept the reasons stated in its counsel's March 18, 2019 letter. Again, we disagree.

The New Jersey Constitution provides in pertinent part that "[a]ppointments and promotions in the civil service of the State, and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive." In re Foglio, 207 N.J. at 43-44 (quoting N.J. Const. art. VII, § 1, ¶ 2). The Civil Service Act (CSA), N.J.S.A. 11A:1-1 to 12-6, and regulations promulgated pursuant to the CSA, implement the policies underlying this constitutional provision. Id. at 44 (citing N.J.S.A. 11A:2-6(d)). The CSA and the regulations generally provide for merit-based appointments to positions in civil service. Ibid.

If there is a vacancy in a civil service position for which an examination is required, the CSA "provides for an examination process." Ibid. (citing N.J.S.A. 11A:4-2). "When an examination is announced, minimum qualifications for the position must be posted." Ibid. (citing N.J.A.C. 4A:4-2.1). "After the examination, an eligible list is published ranking all passing candidates by score, with special ranking rules for veterans and for tie scores." Ibid. (citing N.J.A.C. 4A:4-3.2).

The "Rule of Three . . . governs the hiring discretion of the appointing authority[ and] 'permits an appointing authority to select one of the three highest

scoring candidates from an open competitive examination.'" Id. at 45 (quoting Loc. 518, N.J. State Motor Vehicle Emps. Union v. Div. of Motor Vehicles, 262 N.J. Super. 598, 603 (App. Div. 1993)). "[T]he appointing authority retains discretion to bypass a higher-ranked candidate 'for any legitimate reason based upon the candidate's merit.'" Id. at 47 (quoting In re Hruska, 375 N.J. Super. 202, 210 (App. Div. 2005)). Valid reasons for a bypass include a preference for a college degree, performance in an interview, character, prior experience, training, and employment references. Id. at 49.

Here, the record supports the CSC's determination that the Township properly exercised its discretion under the Rule of Three when it bypassed Testa for promotion. The Township provided the CSC with a detailed and comprehensive explanation for its decision; namely, that he lacked critical investigatory experience that the other two candidates possessed. As the CSC found, Testa's undisputed lack of detective experience was a "valid business reason" for the Township's decision. Indeed, according to the Township's March 18, 2019 letter, upon which the CSC relied, detective experience included "additional specialized training," which the Township deemed "invaluable" for the sergeant position.

Further, we reject Testa's argument that the Township's statement of reasons contained in its counsel's March 18, 2019 letter was deficient because it was uncertified. First, as noted, the relevant facts regarding Testa's lack of detective experience compared to the other two applicants was not disputed. Second, as Testa's counsel conceded at oral argument, there is no statutory or regulatory support for the proposition that an appointing authority must certify its detailed reasons for invoking the Rule of Three.

We also agree with the CSC that Testa failed to establish a prima facie case of retaliation. We have previously held that the burden of proof lies with a bypassed candidate to show by a preponderance of the evidence that the appointing authority's decision was motivated by discrimination, retaliation, or other improper motive. Jamison v. Rockaway Twp. Bd. of Educ., 242 N.J. Super. 436, 445 (App. Div. 1990).[1]

Once the claimant makes a prima facie showing, the burden of production, but not the burden of persuasion, shifts to the employer to articulate a legitimate, non-discriminatory, or non-retaliatory reason for the decision. Ibid. If the

---

[1] We note that Testa does not contend that the Township's decision was based on his engagement in protected activity or discrimination against a protected class, such as discrimination because of race, sex, or age, under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49.

employer meets its burden, the claimant can still prevail if the claimant shows that the proffered reasons are pretextual or that the improper reason more likely motivated the employer.  Ibid.  Further, if the claimant meets that burden, the claimant has established a presumption of discriminatory or retaliatory intent and the burden shifts to the employer.  Id. at 445-46.  The employer must then prove by a preponderance of the evidence the action would have occurred regardless of the discriminatory or retaliatory motive, by showing that other candidates had better qualifications.  Id. at 447.

The CSC carefully evaluated the evidence and concluded that Testa failed to demonstrate the Township's bypass decision was the product of retaliation or any other improper motive.  Even if Testa made a prima facie showing, which he did not, the Township articulated a legitimate reason for bypassing him.  The two lower-ranked candidates possessed important experience, deemed significant to the Township, which Testa did not have.  We are satisfied that Testa failed to show that this non-discriminatory and non-retaliatory reason for promoting the other two candidates was pretextual or based on an improper motive.

We also find Testa's arguments to be speculative and conclusory.  As the CSC noted, the Township's mayor died before the December 4, 2018 CSC list

A-1454-19

was even published. Testa failed to present any evidence that any animus the former mayor may have had toward him, or his right to a promotion, was effectuated posthumously by the Township or any of its agents when relying on the Rule of Three. In this regard, Testa's belief that the Township's new mayor may have had some involvement in the Township's decision based on the former mayor's comments is unsupported by the record.

We also reject Testa's claim that the Township's previous promotion of an officer without detective experience to sergeant was evidential of the Township's retaliatory motive. The CSC had no evidence detailing the circumstances of that promotion or the qualifications of the previous candidate in comparison to other applicants. Under the circumstances, the CSC did not abuse its discretion in concluding that, even assuming the Township did not previously employ the Rule of Three in that case, it had not waived its right to rely on that principle here.

Finally, Testa also failed to introduce any evidence, apart from his unsupported attestations, that his prior objections to the Chief of Police played any role in the Township's decision. In fact, the record supports the conclusion that the Township considered Testa a valued member of the Department and

14

reveals not a single adverse and retaliatory employment action taken by the Township during his now eighteen-year employment history.

As the CSC's decision was supported by the record and consistent with applicable law, we conclude that it did not abuse its discretion when it affirmed the Township's decision to bypass Testa for promotion to sergeant without the need for an evidentiary hearing. To the extent we have not addressed any of Testa's remaining arguments, it is because we have concluded they are of insufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1454-19